## STATE OF CONNECTICUT *v.* ROY ALEXIS FIGUEROA
(SC 16038)

McDonald, C. J., and Borden, Vertefeuille, Mulcahy and Thompson, Js.*

Argued January 10—officially released July 31, 2001

*Lauren Weisfeld,* assistant public defender, for the appellant (defendant).

*Timothy J. Sugrue,* senior assistant state's attorney, with whom, on the brief, were *Scott Murphy,* state's attorney, and *Kevin J. Murphy,* assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Roy Alexis Figueroa, appeals from a judgment of conviction of one count of murder in violation of General Statutes §§ 53a-8 and

---

* Although Chief Justice McDonald reached the mandatory age of retirement before the date that this opinion was officially released, his continued participation on this panel is authorized by General Statutes § 51-198 (c). The listing of justices reflects their seniority status on this court as of the date of argument.

53a-54a,[1] two counts of assault in the first degree in violation of General Statutes §§ 53a-8 and 53a-59 (a) (5),[2] and one count of conspiracy to commit assault in the first degree in violation of General Statutes §§ 53a-48[3] and 53a-59 (a) (1). On appeal, the defendant claims that the trial court improperly: (1) substituted an alternate juror for a regular juror after deliberations had begun in violation of his federal and state constitutional rights to a trial by jury and to an impartial jury; (2) instructed the jury that if it found the defendant not guilty of assault in the first degree in violation of §§ 53a-8 and 53a-59 (a) (1), it could afterward consider the lesser included offense of assault in the first degree in violation of §§ 53a-8 and 53a-59 (a) (5); (3) instructed the jury on consciousness of guilt in violation of the defendant's right to a fair trial; and (4) charged the jury with a reasonable doubt instruction that, the defendant claims, diluted the state's burden of proof. In light of our recent decision in *State* v. *Murray*, 254 Conn. 472, 757 A.2d 578 (2000), which was released subsequent to

[1] General Statutes § 53a-8 (a) provides: "A person, acting with the mental state required for commission of an offense, who solicits, requests, commands, importunes or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable for such conduct and may be prosecuted and punished as if he were the principal offender."

General Statutes § 53a-54a provides in relevant part: "(a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person . . . .

"(c) Murder is punishable as a class A felony . . . ."

[2] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument; or . . . (5) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of the discharge of a firearm."

[3] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

the trial in this case, we agree with the defendant's first claim and, therefore, we reverse the judgment of conviction and remand the case for a new trial.

The following procedural facts are pertinent to the dispositive issue in this case. On July 27, 1998, after the state's attorney concluded his closing argument in the defendant's criminal trial, the trial court gave the jury its final instructions. After the jurors retired to the jury room to deliberate on the four charges against the defendant, the trial court dismissed the alternate jurors. After deliberating for approximately two days, the jury sent a note to the trial court indicating that a certain juror wanted to speak to the judge. Outside the presence of the other jurors, juror D.C.[4] was allowed to address the court. Following the discussion with D.C., the trial court concluded that she was unfit to continue as a juror, and excused her. The parties agreed with the trial court's decision.

Thereafter, the defendant expressed his unwillingness to allow the remaining eleven jurors to continue deliberating and moved for a mistrial. The trial court recalled the remaining jurors and asked them if they were willing to start deliberating anew on all four counts with one of the alternate jurors seated as the twelfth juror. The defendant objected to this procedure. After considering the matter in the deliberation room, the jurors responded with a note that they were willing to begin fresh deliberations with a new juror. The trial court then substituted alternate juror L.L. on the jury panel for the excused juror, and the jury again retired to deliberate. On August 4, 1998, the jury returned a verdict of guilty of one count of murder, two counts of

---

[4] We refer to the juror by her initials in order to protect her privacy. See *State* v. *Hodge*, 248 Conn. 207, 229 n.5, 726 A.2d 531, cert. denied, 528 U.S. 969, 120 S. Ct. 409, 145 L. Ed. 2d 319 (1999).

assault in the first degree, and one count of conspiracy to commit assault in the first degree.[5]

The state concedes that our decision in *State* v. *Murray*, supra, 254 Conn. 472, is controlling and that the defendant therefore is entitled to a new trial. In *Murray*, we held that General Statutes (Rev. to 1999) § 54-82h (c)[6] requires a trial court to dismiss alternate jurors once deliberations have begun, and prohibits the trial court from substituting dismissed alternate jurors mid-deliberation. Id., 496. Thus, in light of the facts in this case, a new trial is required.[7]

---

[5] Count two of the state's substitute information charged the defendant with assault in the first degree in violation of §§ 53a-8 and 53a-59 (a) (1). The jury found the defendant not guilty of count two as charged but found him guilty under §§ 53a-8 and 53a-59 (a) (5). The defendant contends on appeal that § 53a-59 (a) (5) is not a lesser included offense of § 53a-59 (a) (1), and that the conviction was, therefore, improper. Because of our resolution of this case on other grounds, we need not address this issue. See footnote 7 of this opinion.

[6] General Statutes (Rev. to 1999) § 54-82h (c) provides: "Alternate jurors shall attend at all times upon trial of the cause. They shall be seated when the case is on trial with or near the jurors constituting the regular panel, with equal opportunity to see and hear all matters adduced in the trial of the case. If, at any time, any juror shall, for any reason, become unable to further perform his duty, the court may excuse him and, if any juror is so excused or dies, the court may order that an alternate juror who is designated by lot to be drawn by the clerk shall become a part of the regular panel and the trial shall then proceed as though such juror had been a member of the regular panel from the time when it was begun. A juror who has been selected to serve as an alternate shall not be segregated from the regular panel except when the case is given to the regular panel for deliberation at which time he shall be dismissed from further service on said case."

The 1997 revision of § 54-82h (c) is controlling in the present case since the defendant's trial occurred in 1998. The 1997 and 1999 revisions are identical. Section 54-82h (c) subsequently was amended, effective October 1, 2000, several weeks after the decision in *Murray* was released by this court. See Public Acts 2000, No. 00-116, §§ 6, 7. The amendment allowed the substitution of alternate jurors after deliberations had begun. That amendment was not applicable in *Murray*, nor is it applicable here.

[7] In view of our disposition of this issue, we need not address the second and fourth issues briefed by the parties, as they are not likely to arise in the new trial.

With regard to the defendant's remaining claim, we reject his contention that the trial court's consciousness of guilt instruction was not evenhanded and improperly suggested that an inference of guilt was favored by the law.[8] "[T]he decision whether to give an instruction on flight, as well as the content of such an instruction, if given, should be left to the sound discretion of the trial court." *State* v. *Hines*, 243 Conn. 796, 816, 709 A.2d 522 (1998). We review the defendant's claim under this standard.

This court has stated previously: "[F]light, when unexplained, tends to prove a consciousness of guilt. . . . Flight is a form of circumstantial evidence. Generally speaking, all that is required is that the evidence have relevance, and the fact that ambiguities or explanations may exist which tend to rebut an inference of

---

[8] The trial court instructed the jury as follows: "Okay, now we are going to talk about this concept of consciousness of guilt. In a criminal trial it is relevant to show the conduct of the accused after the alleged criminal act, *which may* fairly be inferred to have been influenced by the criminal act. The state of mind, which is characterized as guilty consciousness or consciousness of guilt *may be* evidence that the person is guilty.

"Flight, when unexplained, *may* tend to prove consciousness of guilt. The flight of a person accused of a crime is a circumstance which, when considered together with all of the facts of the case, *may* justify a finding of the defendant's guilt. *However, flight, if shown, is not conclusive. It is to be given the weight to which you, the jury, think it is entitled to under the circumstance.*

"In this case, the state presented evidence [that] after the shooting [that led to the charges against the defendant], the defendant was not present when the police secured the scene a few minutes later. Additionally, the state presented evidence that after having lived in the area for months, the defendant left the area within two weeks after the shooting, eventually ending up in Puerto Rico.

"If you find that the defendant fled the scene and/or the country in order to avoid being caught for this charge, you may consider it as evidence of consciousness of guilt. *If you find that he was not attempting to flee or that he was . . . not motivated by an attempt to avoid apprehension, you should not consider it as evidence of consciousness of guilt.* It's up to you to give that evidence the weight which you think it is entitled to receive." (Emphasis added.)

guilt does not render evidence of flight inadmissible but simply constitutes a factor for the jury's consideration. . . . The fact that the evidence might support an innocent explanation as well as an inference of a consciousness of guilt does not make an instruction on flight erroneous. . . . Moreover, [t]he court was not required to enumerate all the possible innocent explanations offered by the defendant." (Citations omitted; internal quotation marks omitted.) *State* v. *Freeney*, 228 Conn. 582, 593–94, 637 A.2d 1088 (1994); see also *State* v. *Hines*, supra, 243 Conn. 812–13; *State* v. *Groomes*, 232 Conn. 455, 472–73, 656 A.2d 646 (1995).

The defendant admits that the trial court's decision to charge the jury with a consciousness of guilt instruction was in accordance with *State* v. *Freeney*, supra, 228 Conn. 593–94, and *State* v. *Hines*, supra, 243 Conn. 812–13. He asks us, however, to reconsider our previous decision not to use our supervisory authority to bar jury instructions on consciousness of guilt. See *State* v. *Hines*, supra, 814–16. We see no reason to reconsider *Hines*, which was decided only three years ago, and, accordingly, we deny the defendant's request. We conclude that the trial court correctly instructed the jury in accordance with the law, and did not abuse its discretion.

The judgment is reversed and the case is remanded for a new trial.

MCDONALD, C. J., with whom MULCAHY, J., joins, dissenting. Here, as in *State* v. *Murray*, 254 Conn. 472, 757 A.2d 578 (2000), a new trial has been mandated in the absence of a showing of prejudice from the substitution of an alternate juror because a juror could not continue deliberations. The result would be different in the federal courts in Connecticut; see *United States* v. *Hillard*, 701 F.2d 1052, 1058 (2d Cir. 1983); and in the future in Connecticut courts because General Statutes

§ 54-82h (c) now explicitly permits a substitution of a juror after deliberations have begun. For these reasons, I respectfully dissent as I did in *Murray*.